UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIUS LAND,

Plaintiff,

v.

GENERAL MOTORS FINANCIAL COMPANY, INC., *et al.*,

Defendants.

25-CV-00635-MAV
**DECISION & ORDER**

## INTRODUCTION

*Pro se* Plaintiff Julius Land initiated this case against Defendants General Motors Financial Company, Inc. ("GM Financial"), West Herr Automotive Group, East Aurora Buick GMC Cadillac LLC, and Xtreme Auto Recovery to dispute the repossession of his financed vehicle after he allegedly defaulted on payments. ECF Nos. 1, 20.

This case is before the Court on a remand from the Second Circuit, which directed the Court to decide Plaintiff's motions for a preliminary injunction. ECF No. 60. This Court previously granted Defendants' request to compel arbitration and denied Plaintiff's motions for injunctive relief, ECF Nos. 15, 41, reasoning that they "must, in the first instance, be directed to an arbitrator" because they required a ruling regarding the underlying merits of Plaintiff's claims. ECF No. 47; *see also* ECF No. 58 at 26–27 (decision and order providing Court's reasoning). The Second Circuit reversed that portion of the Court's order and remanded for a determination on the motions for a preliminary injunction. ECF No. 60.

For the following reasons, the Court denies Plaintiff's motions for a preliminary injunction.

## FACTUAL BACKGROUND

According to Plaintiff's amended complaint, "[o]n December 31, 2024, Plaintiff entered into what he believed was a valid contract for the purchase of a 2025 GMC Sierra." ECF No. 20 at ¶ 5. Plaintiff contends that "[t]he sales documents listed different dealership names 'West Herr Buick GMC' and 'East Aurora Buick GMC Cadillac LLC'—which were never properly explained to Plaintiff, creating ambiguity and lack of clarity as to the true seller and party to the contract." ECF No. 20 at ¶ 6. Plaintiff alleges that this "lack of clarity" violated the Uniform Commercial Code ("UCC"), the Truth in Lending Act, 15 U.S.C. § 1638(a)(9), and 12 C.F.R. § 1026.17(a). ECF No. 20 at ¶¶ 7–8.

Plaintiff contends that "[o]n May 18, 2025, [he] initiated formal arbitration with the American Arbitration Association. Defendants were notified and failed to participate or pay required arbitration fees, leading to dismissal of the arbitration for their non-compliance." ECF No. 20 at ¶ 11. Plaintiff alleges that "[d]espite arbitration being active, Defendants unlawfully repossessed Plaintiff's vehicle on May 26, 2025 (Memorial Day), without court order, without perfected lien, and in violation of the stay implied by the arbitration." ECF No. 20 at ¶ 12. Defendant Xtreme Auto Recovery executed the repossession of the vehicle "from Plaintiff's private driveway, resulting in physical damage to the concrete surface and emotional trauma to Plaintiff's autistic daughter who witnessed the event," and resulting in the "conversion and theft" of Plaintiff's personal property that was inside the vehicle at

the time of repossession, "including tools, jewelry, and essential items." ECF No. 20 at ¶¶ 13–14.

Plaintiff alleged that "[d]ue to the loss of transportation, [he] missed multiple appointments with his daughter under a court-ordered visitation schedule, disrupting their relationship and violating his parental rights." ECF No. 20 at ¶ 16. He further claimed that his "employer initiated disciplinary and legal action against him for failing to return to work and complete assigned duties, directly caused by the repossession and lack of transportation." ECF No. 20 at ¶ 17.

## PROCEDURAL BACKGROUND

Plaintiff filed an action in the Supreme Court of the State of New York, Erie County, on June 3, 2025. ECF No. 1 at 2. He also filed a "request for judicial intervention and order to show cause for temporary restraining order and preliminary injunction" in state court. ECF No. 1 at 2 (capitalization omitted). On June 4, the state court issued an order to show cause, and an amended order to show cause on June 17, both of which ordered Defendants to show cause as to why an order should not be entered restraining Defendants from selling, transferring, damaging or otherwise disposing of the vehicle, requiring Defendants to disclose the current physical location of the vehicle and permit inspection, prohibiting any credit reporting or collection activities related to the contract while arbitration is pending, and ordering the immediate return of Plaintiff's personal property taken from the vehicle. ECF Nos. 1-4, 1-5. The state court also temporarily restrained Defendants from selling or transferring title to the vehicle, disposing of Plaintiff's personal belongings,

and from reporting or continuing negative credit actions related to the repossession. ECF Nos. 1-4, 1-5.[1]

On July 16, 2025, Defendants filed a notice of removal in this Court. ECF No. 1. As relevant to this Decision and Order, Plaintiff filed in this Court a motion "for immediate return of property" in August 2025, ECF No. 15, and a motion for a temporary restraining order ("TRO") and preliminary injunction on February 2, 2026. ECF No. 41.

On March 31, 2026, the Court issued the following text order:

> For reasons that will be stated in a forthcoming written decision, the Court makes the following rulings:
>
> Plaintiff's motion for immediate return of property, ECF No. 15, is DENIED; Plaintiff's motion to expedite, ECF No. 21, is DENIED; Plaintiff's motion for a Rule 16 status conference, ECF No. 39, is DENIED as premature; Plaintiff's motion for a temporary restraining order and a preliminary injunction, ECF No. 41, is DENIED.
>
> Plaintiff's opposition papers that were incorrectly filed as "motions," ECF Nos. 28, 29, 30, 36, are terminated as "motions" on the docket, but have been received and considered by the Court.
>
> Defendants' motion to compel arbitration is GRANTED. *See* ECF Nos. 5, 6, 22, 25, 26. "It is well-established that a district court should rule on a motion to compel arbitration before proceeding to a merits-based motion to dismiss;" therefore, at this stage, the Court declines to rule on the Defendants' arguments for dismissal of this action under Federal Rule of Civil Procedure 12(b)(6). *Morgikian v. Fid. Invs.*, No. 20CV05724JMAARL, 2022 WL 836950, at *1 (E.D.N.Y. Mar. 21, 2022). Because Plaintiff's claims are wholly governed by the arbitration clause in the Retail Installment Contract, the Court otherwise STAYS the instant action pending arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015). SO ORDERED.

ECF No. 47. The Clerk of Court entered the stay of this matter the same day. The Court issued a Decision and Order providing its reasoning on May 14, 2026. ECF No.

---

[1] The temporary restraining order issued by the state court had expired by August 2025, when GM Financial opposed Plaintiff's motion for a return of property. *See* ECF No. 27 at 7.

58. In the Decision and Order, the Court explained its denial of Plaintiff's motions for immediate relief, reasoning that such relief must be directed to an arbitrator as they required a ruling on the merits. ECF No. 58 at 26–28.

Plaintiff appealed this Court's March 31, 2026 text order. ECF No. 48. On November 5, 2026, the Second Circuit issued a mandate vacating the portion of the Court's order that denied Plaintiff's motions for a preliminary injunction. ECF No. 60 (citing *Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co. of N.Y.*, 749 F.2d 124, 125 (2d Cir. 1984) (per curiam) ("The fact that a dispute is to be arbitrated . . . does not absolve the court of its obligation to consider the merits of a requested preliminary injunction").

The Court now complies with the Second Circuit's mandate by considering Plaintiff's motions for a preliminary injunction.

## LEGAL STANDARD

"A preliminary injunction 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Practice P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (quoting *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005)).

"To obtain a preliminary injunction, a party must show '(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.'" *St. Joseph's Hosp. Health Ctr. v. Am.*

*Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025) (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)).

## DISCUSSION

Plaintiff filed two motions for injunctive relief. ECF Nos. 15, 41. He initially moved for the immediate return of his property (the vehicle and personal property inside) on August 4, 2025. ECF No. 15. GM Financial opposed and argued that Plaintiff did not establish irreparable harm, as his claims of not being able to drive places he needed to go were insufficient because Plaintiff did not explain why alternative transportation was not available. ECF No. 27 at 9–10. Further, GM Financial argued that Plaintiff's losses could be redressed by monetary awards, as Plaintiff noted in his amended complaint, so were not irreparable. ECF No. 27 at 10–11. GM Financial also argued that Plaintiff did not demonstrate a likelihood of success on the merits because he cannot dispute that he defaulted. ECF No. 27 at 12–13. Finally, GM Financial argued that the public interest supported enforcing contracts and was therefore on Defendants' side. ECF No. 27 at 13–14.

In reply, Plaintiff argued that the contract was "obtained through fraud," and that the repossession was illegally conducted in a manner that breached the peace and during active arbitration. ECF No. 30 at 2, 5–7. Plaintiff specifically argued that Defendants misrepresented the actual seller and that the contracts contained material discrepancies, so they were void and Plaintiff was permitted to withhold payment. ECF No. 30 at 3–4. Plaintiff further argued that Defendants never established proof of their lien on the property. ECF No. 30 at 5.

Plaintiff next moved for a temporary restraining order and a preliminary injunction in February 2026. ECF Nos. 41, 42. He sought the immediate return of the vehicle and personal property inside, or alternatively, an order prohibiting Defendants from selling the vehicle. ECF No. 41 at 3. He also sought the preservation of evidence and to enjoin Defendants from any adverse credit reporting relating to the repossession. ECF No. 41 at 3. He argued that the repossession was conducted in breach of the peace, and so it violated U.C.C. § 9-609. ECF No. 41 at 5–6.

In response, GM Financial again argued that Plaintiff was not entitled to injunctive relief because he could not demonstrate a likelihood of success on the merits, as he did not dispute missing payments on the vehicle. ECF No. 43 at 1–2. Further, GM Financial repeated its argument that Plaintiff did not demonstrate irreparable harm absent an injunction, because all of his alleged losses could be remedied by a monetary award. ECF No. 43 at 2. Finally, GM Financial argued that Plaintiff's other allegations of harm, such as his loss of business, unsafe living conditions, and defaults in child support proceedings, were too speculative and attenuated to justify injunctive relief in the repossession matter and, in any event, could be remedied monetarily. ECF No. 43 at 2.

In reply, Plaintiff argued that he is likely to succeed on the merits because the repossession constituted an impermissible breach of the peace, and was therefore invalid. ECF No. 45 at 2. He further argued that he continues to suffer "ongoing and daily" irreparable harm from not having a vehicle, specifically "the inability to maintain employment stability and mitigate property damage." ECF No. 45 at 3. Finally, Plaintiff argued that the equities balance in his favor because he lost

essential transportation while GM Financial "is a large financial institution capable of accounting adjustments should it ultimately prevail." ECF No. 45 at 3.

After carefully considering the arguments, the Court finds that Plaintiff has not established irreparable harm, so he is not entitled to injunctive relief. "To establish irreparable harm, the moving party must show an 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *St. Joseph's Hosp.*, 131 F.4th at 106 (quoting *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020)).

Here, Plaintiff claims injuries including the loss of his vehicle, the loss of personal property inside the vehicle, and the loss of transportation. ECF Nos. 15; 45 at 3. The Court has no information that the requested relief of returning or not selling the vehicle is moot. *But see* ECF No. 20 at 56 (May 2025 notice of GM Financial's intent to sell the vehicle). Assuming that the requested relief is not moot, Plaintiff's first two claimed injuries of the loss of the vehicle and personal property inside cannot be considered irreparable because, if Plaintiff succeeds on the merits, then a monetary award will make him whole. Those alleged losses will be easy to quantify. Indeed, Plaintiff quantified them at $180,000 in his amended complaint. ECF No. 20 at 9; *see, e.g.*, *Barrett v. Harwood*, 967 F. Supp. 744, 747 (N.D.N.Y. 1997), *aff'd*, 189 F.3d 297 (2d Cir. 1999) (denying preliminary injunction where the plaintiffs' alleged losses after their truck was repossessed were measurable and could "be compensated by a monetary award").

Plaintiff argued that the continued deprivation of his vehicle constitutes irreparable harm because he cannot travel to work, to see his daughter, and to attend

other important events. ECF No. 45 at 3. Yet Plaintiff has not established his entitlement to injunctive relief because he has not explained why the loss of the repossessed vehicle precludes all transportation. *See, e.g.*, *Menbeck v. Katonah-Lewisboro Sch. Dist.*, 403 F. Supp. 2d 281, 284 (S.D.N.Y. 2005) (denying a preliminary injunction where "the asserted harm . . . is directly caused by the plaintiff's parents' failure to seek alternative means of transport[ation]"). Plaintiff did not explain why he could not take public transportation, get a ride, or rent another vehicle, for example. While it may be more difficult for Plaintiff to travel to the places he needs to go without the repossessed vehicle, this "does not rise to the level of an irreparable harm." *Id.*

Finally, Plaintiff sought injunctive relief to enjoin Defendants from any adverse credit reporting relating to the repossession. ECF No. 41 at 3. Plaintiff has not alleged any injury, or even a potential injury, relating to his credit score in his motions for injunctive relief or in his amended complaint, *see* ECF No. 20, however.

Because Plaintiff has failed to show that he will suffer irreparable harm, the Court does not consider his arguments as to the other preliminary injunction factors. *See, e.g.*, *St. Joseph's Hosp.*, 131 F.4th at 108; *see State Farm*, 120 F.4th at 79 ("[Irreparable harm] must therefore be satisfied before the other requirements for an injunction can be considered.").

## CONCLUSION

Plaintiff is not entitled to injunctive relief because he has not established irreparable harm, one of the requirements to entitle him to a preliminary injunction.

Therefore, for the foregoing reasons,

It is hereby ORDERED that Plaintiff's motions for injunctive relief, ECF Nos. 15 and 41, are DENIED without prejudice.

The case remains stayed pending the arbitration.

SO ORDERED.

Dated: November 17, 2026
Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE